IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dominick Alexander Brown #589190, ) | Case No. 2:23-cv-3862-RMG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Charleston County Bond Court, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No.8) recommending that the Court dismiss Plaintiff's complaint. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiff's complaint.

I. **Background and Relevant Facts**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Namely, Plaintiff appears to be "be dissatisfied with the amount of bond of $100,000 set for his second stalking charge of his probation officer." (Dkt. No. 8 at 3) ("Plaintiff sues the Charleston County Bond Court which is not a person under § 1983 and not amenable to suit and thus subject to summary dismissal. Plaintiff [also] sues a judge.").

On August 16, 2023, the Magistrate Judge issued an R&R recommending the complaint be dismissed for failure to state a claim. (Dkt. No. 8). Plaintiff did not file objections to the R&R.

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff did not file objections to the R&R, the Court reviews the R&R for clear error.

### III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted. (Dkt. No. 8 at 3-4) (noting judges are entitled to absolute judicial immunity and that the Charleston County Bond Court is not a person amenable to suit under § 1983).

### IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 8) as the order of Court and **DISMISSES** Plaintiff's complaint.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

September 13, 2023
Charleston, South Carolina